UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JONATHAN AND ANGELA SEARCY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 3-17-cv-00089-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CROWN CASTLE USA, INC., and | ) | **ORDER** |
| CROWN CASTLE GT COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jonathan and Angela Searcy brought this action in the Circuit Court of Carroll County,

Kentucky, alleging breach of contract and common law maintenance claims.  [R. 1-1 at 11-12.]

The Searcys seek both compensatory damages for the condition of the road and specific

performance under an alleged maintenance agreement.  [*Id.* at 12.]  Defendants Crown Castle

USA, Inc., and Crown Castle GT Company, LLC (collectively "Crown Castle") timely removed

the action to this Court [R.1], and the Searcys now seek to remand it.  [R. 7.]  For the reasons

explained below, the Searcys' Motion to Remand [R. 7] will be **DENIED**.

**I**

The Searcys own approximately 182 acres of farmland adjacent to which Crown Castle

owns a .331-acre tract of land on which a cellphone tower sits.  [R. 1-1 at 9-10.]  Crown Castle's

property includes an access road easement across the Searcys' property that is 30 feet wide and

4,053 feet long and which is used to access the cellphone tower.  [*Id.* at 10.]  After Crown Castle

acquired the land and cellphone tower, it entered into a maintenance agreement for the access

road with the Searcys' predecessor. [*Id.* at 11.] This agreement includes maintenance of the

access road and specifically includes a provision for sealing the access road every three years or

at the landowner's request. [*Id.* at 39.] The Searcys claim that when they acquired the property,

they acquired the agreement with Crown Castle, and therefore are entitled to the agreed

maintenance and upkeep of the road. [*Id.* at 11.] The Searcys allege the road has fallen into

disrepair and Crown Castle has not maintained the access road in accordance with the

maintenance agreement. [*Id.* at 11-12.]

On September 29, 2017, the Searcys filed a complaint against Crown Castle in Carroll

Circuit Court alleging Crown Castle breached this agreement and requested the Court order

specific performance of the agreement. [R. 1-1.] On October 25, 2017, Crown Castle removed

this action from Carroll Circuit Court on the basis of this Court's diversity jurisdiction [*see* R. 1],

which requires complete diversity between the parties and an amount in controversy greater than

$75,000. *See* 28 U.S.C. § 1332(a)(1).

By filing a Motion to Remand, the Searcys promptly contested the amount in controversy

claimed by Crown Castle. [R. 7.] In support of their Motion to Remand, the Searcys attached an

estimate stating the cost of repaving the access road would be approximately $30,000. [R. 7-2.]

The Searcys also requested $4,000 for the cost of snow removal they incurred to keep the access

road clear. [R. 7 at 6.] Crown Castle objected to the Motion to Remand and submitted a

declaration from Tina Hwang, the real estate manager for Crown Castle. [R. 8-1.] She estimated

it would cost $700 a year to clear vegetation from the access road and resealing the access road

every three years would cost $3,000-$4,000 each time it was resealed. [*Id.* at 2.] She alleged the

initial payment of $34,000 to repave the access road, in addition to the estimated costs of

maintenance under the alleged contract, would exceed $75,000 over the lifetime of the

agreement. [*Id.* at 3.]

## II

## A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). Normally, the amount is controversy is "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). But, when a plaintiff seeks nonmonetary relief, a defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i). A defendant's amount in controversy allegation should be accepted unless contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). The notice of the removal is proper if "the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B).

In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted). Here, the parties are diverse, and the Searcys seek not only compensatory damages for losses suffered but also specific performance of the alleged maintenance contract. [R.1-1 at 10-12.] Therefore, the principal issue is whether Crown Castle

has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The amount in controversy includes the value of the injunctive relief so long as the value is ascertainable. *Basicomputer Corp. v. Scott*, 973 F.3d 507, 509-510 (6th Cir. 1992) (included the value of competitive losses). The value of injunctive relief is the value of the object of the litigation for the purposes of calculating the amount in controversy. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The Sixth Circuit has explained that this value is not the money judgment sought, but is the value of the consequences of the litigation. *Id.*

**B**

Crown Castle has established by a preponderance of the evidence that the claims against them exceed $75,000. At the time of removal, the Searcys sought compensatory damages for repair and specific performance of a maintenance agreement. [R. 1-1 at 12.] The Searcys produced estimates showing the cost of repaving the road would be approximately $34,000. [R. 7 at 8-9.] This figure alone would not meet the jurisdictional threshold for amount in controversy, but the Searcys also sought to have the Court order Crown Castle to specifically perform under the maintenance agreement, which would require Crown Castle to maintain the road in reasonable repair for an indefinite period of time. [*Id.* at 6.]

The request for specific performance should be included in the calculation of the amount in controversy so long as the value is ascertainable. *Basicomputer Corp.*, 973 F.3d at 510. The value of this specific performance is the value of the object of the litigation, which includes the consequences of the litigation. *Freeland*, 632 F.3d at 253. The object of this litigation includes the future maintenance of the access road, and the value of future maintenance includes the consequence of the Court potentially ordering Crown Castle to maintain the access road in

reasonable repair indefinitely.

Crown Castle has estimated it would cost $700 per year to maintain vegetation around the access road and $3,000-$4,000 every three years to reseal the access road.  [R. 8-1 at 2.]  If the Court granted the relief sought, Crown Castle would incur costs of $5,100-$6,100 every three years for an indefinite amount of time as a consequence of the litigation.  Even though the value of the specific performance is difficult to estimate, it should be included because it is ascertainable.  *Basicomputer Corp.*, 973 F.3d at 510.  The value of this injunctive relief, plus the $34,000 in estimated compensatory damages, exceeds the $75,000 amount-in-controversy threshold.[1]  Thus, remand is inappropriate because Crown Castle has shown by a preponderance of the evidence that this Court properly can exercise its diversity jurisdiction over this matter.

### III

Accordingly, the Court being sufficiently advised, it is hereby ORDERED that Plaintiffs' Motion to Remand [**R. 7**] is **DENIED**.


This the 1st day of August, 2018.


Gregory F. Van Tatenhove
United States District Judge

---

[1] The Court recognizes that the parties may enter a legally binding stipulation to limit a possible reward to overcome evidence that the amount in controversy exceeds $75,000. *See Hoop v. Wal-Mart Stores East, L.P.*, No. 13-115-GFVT, 2014 WL 1338704, at U.S. Dist. LEXIS 42906 at *4-*6 (E.D. Ky. Mar. 31, 2014).  Such a stipulation must be an "unequivocal statement limiting damages." *Id.* at *5.  Here, there is no such "unequivocal statement limiting damages" found in the record.